## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### HURT v. WEST'S ADM'R.

#### November 13th, 1890.

1. PERSONAL REPRESENTATIVES—*Settlements.—Surcharge and falsification.*—Doctrine of surcharge and falsification applies only to settlements of the accounts of fiduciaries made by a commissioner of accounts or a master commissioner, to which all the persons interested are made parties by due notice.

2. IDEM—*Res judicata—Case at bar.*—In a creditor's suit against administrator, to which distributees are not parties, a master stated and reported an account of the sums collected by administrator, which report was confirmed. Later, distributee filed a bill against administrator and his sureties for an account of sums previously collected by him and for payment of the whole: *held*, the former report did not preclude account of the sums last aforesaid, especially where (as in this case) the sums collected, and the dates when, and persons from whom, they were collected, are specified in the bill.

3. IDEM—*Laches—Case at bar.*—Decedent died in 1868; proceedings in the creditor's suit terminated in 1879; sole distributee died shortly after, leaving his wife, an aged lady, his executrix, dying in 1885, when the administrator *d. b. n. c. t. a.* filed his bill. *Held :* No laches.

Appeal from decree of the circuit court of Halifax county, rendered November 18th, 1887, in a cause wherein John W. Riely, administrator *d. b. n. c. t. a.* of Thomas E. West, deceased, is complainant, and H. H. Hurt, administrator of George H. West, deceased, and James Medley, Jr., and John L. Hurt, his sureties, are defendants. The decree confirmed a report of H. H. Hurt's administration of the estate, ordered and taken in the suit; and from the confirmation of the report John L. Hurt, a surety, appeals. Opinion states the case.

*Staples & Munford,* for the appellant.

*J. W. Riely* and *Wm. R. Barksdale,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

In May, 1868, George H. West died in the county of Halifax, unmarried, without issue and intestate, leaving personal estate consisting of money, goods and debts due to him. His father, Thomas E. West, survived him, and was his sole distributee. H. H. Hurt, on the 13th day of May, 1868, was appointed and qualified in the. circuit court, for the county of Halifax, as administrator of the said George H. West, deceased, and, together with James Medley, Jr., and John L. Hurt as sureties, duly executed his official bond, in the penalty of $6,000, for the faithful discharge of his duties as such administrator. Subsequently, a creditors' bill was filed in the circuit court of Halifax county, by E. Barksdale, Jr., complainant, on behalf of himself and all other creditors of said George H. West, deceased, against said H. H. Hurt, administrator of George H. West, deceased. The said James Medley, Jr., and John L. Hurt, sureties, and Thomas E. West, distributee, do not appear to have been parties to this suit.

In this creditors' suit of *Barksdale* v. *George H. West's Adm'r,* accounts of the assets and debts of said George H. West, deceased, were ordered, taken and reported—the last reported in 1879—in which it appeared, that, after the payment of costs and debts, there was in the hands of the said administrator, H. H. Hurt, a balance due the estate of his intestate of $1,536.59, as of October 1st, 1878, with interest on $1,433.19, part thereof, from said October 1st, 1878. This report was confirmed. Thomas E. West, the father and distributee of George H. West, deceased, died, and his widow, Sarah R. West, qualified as the executrix of his will. She died in 1885, and

John W. Riely (the appellee) qualified as administrator *d. b. n. c. t. a.*, of said Thomas E. West.

On the 8th of December, 1885, said John W. Riely, administrator, *d. b. n. c. t. a.*, of Thomas E. West, deceased, filed his original bill in this suit, against said H. H. Hurt, administrator of George H. West, and his said sureties, James Medley, Jr., and John L. Hurt; alleging the death of said George H. West, intestate; his personal estate; the qualification of his administrator; the claim of his father, Thomas E. West, as his sole distributee; the death of the said Thomas E. West, and the qualification of the complainant, John W. Riely, as his administrator, *d. b. n. c. t. a.* This bill refers to the said creditors' suit of Barksdale and others, and the account reported and confirmed therein in 1879. It charges that the balance, reported then, of $1,536.59, with interest on $1,433.19 from October 1st, 1878, due the estate of George H. West by H. H. Hurt, the administrator, was still unpaid and belong to the estate of Thomas E. West, complainant's testator. It charged further, that, both *before* and *since* the said account reported in the Barksdale creditors' suit, the said administrator of George H. West, deceased, H. H. Hurt, had collected sums, not embraced in said account and report, of which the said H. H. Hurt, administrator of George H. West, had rendered no account; and that he rendered no account since the return of the said report in the Barksdale suit in 1878; and that the estate of said Thomas E. West was entitled to the balance in the hands of George H. West's administrator, H. H. Hurt, at the time of Riely's said suit. The bill prayed that H. H. Hurt, administrator of George H. West, and said James E. Medley, Jr., and John L. Hurt, his sureties, be made parties defendant; and the said H. H. Hurt, administrator, be compelled to render a full and true account of his transactions, as such, and to pay to the complainant whatever balance should be found due by him on such settlement. Process was duly served on the defendants, who filed no answer, and the bill

was taken *pro confesso* as to all three.  On the ―――― day of
April, 1886, the said circuit court decreed that its commissioner,
James H. Guthrie, take an account of the transactions of H.
H. Hurt, as administrator of George H. West, taking as a
basis any account already settled by said administrator, cor-
recting and reforming the same as to him may seem proper;
which account, the said Hurt, administrator as aforesaid, is
hereby directed to render before the said commissioner, which
account the said commissioner shall examine, state and settle,
and make report thereof.   The commissioner, Guthrie, exe-
cuted this order of reference, and no exception was taken to
his report, for want of notice.   He returned his report on the
3rd of November, 1886, showing a balance to be due to the
estate of George H. West, by his administrator, H. H. Hurt,
of $4,854.20, as of October 1st, 1886, with interest on $2,768.43,
from October 1st, 1886; which said balance included collec-
tions made by Hurt *prior* to October 1st, 1878, and not em-
braced in the account in the Barksdale creditor suit, aggrega-
ting $955.14 of principal, and $358.77 interest to October 1st,
1886; the said balance of ――――, reported in the Barksdale
suit, as due by and in the hands of the said Hurt, adminis-
trator of George H. West, and collections made by him *since*
the report in the Barksdale suit of 1879.   There is no copy of
the Barksdale account in the record; but it is nowhere alleged
or claimed by the defendants that any part of this $955.14,
with the interest, as reported, was embraced in the account
settled and reported in 1879, in the Barksdale suit.  The com-
missioner returned the evidence by which these collections,
unaccounted for, were proved.
 The defendants did not answer, but they filed three excep-
tions to this report: 1st. That the commissioner, Guthrie,
had no authority to go behind the report settled in the Barks-
dale suit.  2d. That no decree should be made in favor of
George H. West's distributees until all his debts should be
ascertained.  3d. The commissioner refused to allow Hurt

credit for $200 fees paid to Wm. Leigh and R. W. Watkins, attorneys. In April, 1887, the circuit court, not passing on the report, or on the exceptions filed, gave complainant leave to file an amended bill, and, accordingly, John W. Riely, administrator *d. b. n. c. t. a.* of Thomas E. West, deceased, filed his amended bill versus H. H. Hurt, administrator of George H. West, deceased, and his said sureties, reiterating the charge in the original bill, that the administrator of George H. West, deceased, owed the estate the balance, as reported in the Barksdale suit, and also the sums collected by him *prior* to 1879, from various individual debtors to the estate, the items, dates, and persons named from whom collected, and never accounted for, or embraced in the settlement of 1879, amounting to $949.04; and collections made by him from sundry others named, debtors to the estate *since* the report in the Barksdale suit (items and dates and names specified) amounting to $1,630.19.

To this amended bill no answer was made, and it was taken *pro confesso* as to all the defendants. In August, 1887, the court referred the account to its commissioner, A. R. Green, in the same terms as in its order of reference to Commissioner Guthrie. Commissioner Green returned his report October 5th, 1887—to which there were no exceptions for want of notice—containing the items specified in the amended bill, and the same as those reported by Commissioner Guthrie. He, Green, reported, upon evidence satisfactory and not excepted to, a balance, due the estate of George H. West by his administrator, of $5,485.48, as of October 1, 1887, with interest on $3,221.61 from that date, with a special statement of debts due by George H. West's estate, which, if allowed, reduced the indebtedness of the administrator to $5,285.48. To this report of Commissioner Green the defendants, without answering, filed three exceptions: 1st. That the commissioner had no authority to go behind the settlement in the Barksdale suit in 1879. 2d. That the commissioner failed to allow

the administrator credit for $200 fees paid to Leigh & Watkins, counsel. 3d. That he had charged the administrator with a debt due from C R. Carrington. H. H. Hurt, administrator, and J. Medley, Jr., never appeared.

John L. Hurt (the appellant) filed his answer on the 18th of November, 1887, in which he nowhere avers that any of the additional items, charged in the amended bill, and reported by the commissioner, were embraced in the account settled in the Barksdale suit; nor does he deny the fact charged, that the administrator had collected any of the sums he is charged and reported to have collected—both before and since the Barksdale report—or that they, or any of them, were included in the said report in that suit.

The cause was heard, finally, on the 18th of November, 1887, when the court overruled the first exception, and sustained the second and third exceptions, and decreed that, in all other respects, the report of Commissioner Green be confirmed; and decreed payment, accordingly, by the administrator H. H. Hurt, *de bonis propriis,* and by James Medley, Jr., and John L. Hurt, his sureties.

From this decree John L. Hurt obtained this appeal.

The controversy in this cause is between the estate of Thomas E. West, deceased, sole distributee of George H. West, deceased, by his administrator, J. W. Riely, on the one hand, and the administrator, H. H. Hurt, of George H. West, deceased, and his sureties, on the other; where there has been no settlement of the estate account of George H. West, deceased, to which his distributee has been a party, or in which he has been represented, or of which he had any legal knowledge. He was not a party, either actual or constructive, to the creditor's suit of Barksdale and others against the administrator, H. H. Hurt; the sole object of which was to ascertain the debts against the estate of his intestate, and assets enough in the hands of the administrator to pay them, and to enforce their payment, without regard to rights of distributees, or

care or duty incumbent on the complainants to compel the administrator to disclose more assets than sufficient to pay their debts. The administrator, H. H. Hurt, so far as the record shows, was the only party defendant to that suit. Thomas E. West, the distributee, was not a party, nor was he, or his estate, represented in or privy to the settlement; nor, so far as is shown, was he even cognizant of it. He had no connection or privity with it, and it was no settlement between him and the administrator; nor was it such a settlement as is contemplated by the statute. No *ex parte* settlement has ever been made, and the administrator has settled no account since he qualified in 1868—except the statement in the Barksdale suit of collections enough to satisfy creditors then suing, and to cover debts. This is a suit by the personal representative of the distributee, charging the collection by the administrator of George H. West, of large sums, constituting the estate to which he is entitled, as sole distributee, after the payment of the debts due by the estate, and praying that the said administrator be decreed to render and settle his administrator account.

The sole issue presented by the record is whether or not, in ascertaining what assets of George H. West have actually been received by H. H. Hurt, his administrator, since his qualification as such, the court and its commissioner can enquire whether any, and if any, what assets were collected by the administrator *prior* to the 1st October, 1878, the date of the settlement made in the creditors' suit of Barksdale and others against the administrator of George H. West, and which were not reported or included in that settlement, nor ever otherwise accounted for. Both the commissioners, Guthrie and Green, report the aggregate of the collections made by the said administrator *prior* to the said Barksdale report, and not embraced in that report, as $955.14; and the fact that they were actually collected by the administrator, as reported, is nowhere denied or attempted to be disproved. Nor is there any pre-

tence or assertion by the defence that these items had been included in the settlement made in the Barksdale suit, or had been ever accounted for by the administrator in any way or at any time. On the contrary, there is no exception to either of the reports made in the cause on this ground. The fact is distinctly charged in the amended bill, and is confessed by the silence of the administrator and his surety, Medley. It is also confessed by the surety, John L. Hurt, the appellant, whose answer on oath does not deny the collections of the sums named from the persons named at the dates specified, nor claimed that they were embraced in the Barksdale settlement. The defence is purely technical—that by the law regulating a surcharge and falsification of a settlement, the settlement in the Barksdale suit in 1879, is conclusive, and a bar to all inquiry into the transactions of the administrator *prior* to October 1, 1878, the date of that report.

But this is not a case of surcharge or falsification. The law of surcharge really applies to cases of those settlements, *inter partes*, which are made under the law by a commissioner of accounts, or by a master commissioner of a court, where all the parties in interest are made parties to the settlement by the commissioner's notice, or by process or publication in a suit, and who thus have notice of the settlement and are afforded an opportunity to defend or assert their rights, and hold the fiduciary to a strict responsibility. It would open a wide door to fraud and collusion to decide that by a settlement or statement made in a creditors' suit without a notice to the distributees of an estate, either actual or constructive, the administrator can report just enough assets in hand to satisfy the creditors in that suit, and conceal all others, and yet, thereby, be exempted from all future inquiry by the distributee.

But, even where this a bill to surcharge and falsify, the administrator of the distributee has come strictly within the requirements of the law or statutory rule. He has distinctly specified

the sums charged to have been collected, the times when collected, and the persons from whom collected by the administrator prior to the 1st October, 1878, the date of the Barksdale report. He has not impugned the accuracy or the correctness of that report in that suit; he has adopted it and the balance which it shows to be in the hands of the administrator, and it enters as an item in the amount he claims. But he claims sums collected by the administrator not in that account and in addition to it; and two commissioners report each of the items so specified and claimed. Though specifically charged, the items are not denied or challenged in the answer; and though reported, the reports are not excepted to for want of evidence, or for any improper evidence. True, the counsel in argument raised a question on the evidence, but it is unsupported by the pleadings and record, while it is, withal, contradicted by the failure of the answer to deny the fact of the collections. The bill and amended bill are one continuous suit, and it was not necessary to retake the depositions taken by Commissioner Guthrie.

The alleged delay in asserting the rights of the distributee and his estate, may be accounted for by the succession of death of the distributee—the administration of his widow—an aged lady—and her death, and by the ultimate qualification of the complainant as administrator *d. b. n. c. t. a.*, sufficiently to repel any presumption or charge of laches. The complainant's cause of action is not barred by the act of limitation in this case, and there are no circumstances, such as the death of parties, loss of papers, &c., to call for the equitable bar.

We are of opinion that there is no error in the record of which the appellants can complain, and the judgment of this court is to affirm the decree appealed from·

DECREE AFFIRMED.